# Exhibit 1 –
# First Amended Complaint

# Exhibit 1 –
# First Amended Complaint

Electronically Filed
5/27/2022 2:12 PM
Steven D. Grierson
CLERK OF THE COURT

Jonathan D. Roven (SBN 015807)
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel.: 702-605-5409
jon@thenevadalawyer.com

Attorney for Plaintiff CHARLES TINDER

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CHARLES TINDER,<br>          Plaintiffs,<br><br>     v.<br><br>GAUGHAN SOUTH LLC dba SOUTH POINT HOTEL AND CASINO, a corporation; GREG FISHER, an individual; DOES 1 TO 10; ROE CORPORATIONS 1 TO 10;<br><br>          Defendants. | CASE NO: A-22-846314-C<br><br>DEPT. NO: 29<br><br>**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>**ARBITRATION EXEMPTED** |

**FIRST AMENDED COMPLAINT - 1 -**

COMES NOW Plaintiff CHARLES TINDER (hereinafter "Plaintiff" or "TINDER") complains as follows:

1. Plaintiff CHARLES TINDER was at all times relevant a resident of Clark County, Nevada.
2. Defendant SOUTH POINT HOTEL AND CASINO (hereinafter "SOUTH POINT") is an economic entity duly licensed to conduct, and was conducting at all pertinent times, business in Clark County, Nevada.
3. Defendant GREG FISHER (hereinafter "FISHER"), an individual, is and/or was at all times relevant herein, a resident of Clark County, Nevada.
4. The identities of DEFENDANTS, Does 1 through 10, are unknown at this time and maybe individuals, partnerships, subsidiaries, units, parent corporations, businesses, entities, companies, joint ventures, and/or corporations and maybe alternate identities and/or masters, agents, servants, employees, employers, predecessors-in-interest, successors-in-interest, or assigns of the named DEFENDANTS herein. Plaintiff alleges that each of the DEFENDANTS designated as the DEFENDANTS, DOES 1 through 10 and/or ROE CORPORATION DEFENDANTS 1 through 10, and vice versa.  Plaintiff requests leave of Court to amend this complaint to name the DOE and ROE Corporation Defendants when their identities become known.
5. This action is brought by the Plaintiff as a former employee of SOUTH POINT and/or FISHER who was discriminated against based on gender and use of approved leave of absence, and retaliated against in various unlawful forms for engaging in protected activities.
6. On or about December 20, 2005, Defendant SOUTH POINT hired Plaintiff TINDER as a Casino Floor Supervisor. Plaintiff was in the same position until his termination on or about December 23, 2020.

**FIRST AMENDED COMPLAINT - 2 -**

7. In November 2020, Plaintiff requested leave under the Family Medical Leave Act ("FMLA") to care for his newborn. SOUTH POINT and FISHER approved Plaintiff's request for FMLA leave.

8. In December 2020, Plaintiff received a call from Human Resources ("HR") saying that he was fired. He then spoke to Senior Manager FISHER about his termination. FISHER stated that Plaintiff never relayed any information to SOUTH POINT about his employment status. Plaintiff was terminated under the pretext of being a "no call no show" while he was on approved FMLA leave.

9. Plaintiff's employment with SOUTH POINT and FISHER was due to his gender and in retaliation for requesting and taking FMLA leave to care for his newborn as there are different societal expectations of men with regards to taking leave to care for a newborn.

10. Plaintiff filed timely charges of discrimination with the appropriate administrative agencies, including the Nevada Equal Rights Commission ("NERC") and the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC (along with NERC) has given these plaintiffs their right to sue letters, and therefore, Plaintiffs have fulfilled all jurisdictional requirements for the filing of this suit under the applicable statutes of Nevada and The United States of America.

## FIRST CLAIM FOR RELIEF

### (Discrimination Pursuant to NRS 613.330 and 613.340)

11. Plaintiff hereby repeats and re-alleges the allegations set forth above, inclusive, as though fully set forth herein.

12. Nevada law prohibits employers to discriminate in pay and/or discharge an employee due to a person's race, color, religion, sex, sexual orientation, gender identity or expression, age, disability or national origin.

13. Defendants violated Nevada law when Defendants terminated the above-named plaintiff after it became known that he had a newborn and took approved leave.

**FIRST AMENDED COMPLAINT - 3 -**

14. Due to the unlawful actions of the Defendants, Plaintiff was damaged in an amount in excess of $10,000.00.
15. Due to the unlawful actions of the Defendants, Plaintiff was required to retain the services of an attorney.

## SECOND CLAIM FOR RELIEF

**(Discrimination Pursuant to 42 USC 2000e-2a—Title VII)**

16. Plaintiff hereby repeats and re-alleges the allegations set forth above, inclusive, as though fully set forth herein.
17. United States federal law states that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."
18. Defendants violated Nevada law when Defendants terminated the above-named plaintiff for being and male and after it became known that he took FMLA leave to care for his newborn.
19. Due to the unlawful actions of the Defendants, Plaintiff was damaged in an amount in excess of $10,000.00.
20. Due to the unlawful actions of the Defendants, Plaintiff was required to retain the services of an attorney.

## THIRD CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith & Fair Dealing)**

21. Plaintiff hereby repeats and re-alleges the allegations set forth above, inclusive, as though fully set forth herein.
22. Every contract in Nevada contains an implied covenant of good faith and fair dealing, including employment contracts.
23. Defendants breached the implied covenant of the good faith and fair dealing attached to the plaintiff's contract by treating discriminating, harassing, differently

treating the plaintiff due to him being a male and taking leave to care for his newborn.

24. Such breach of the implied covenant has damaged the plaintiffs in an amount exceeding $10,000.00.

25. Defendants actions has required the plaintiffs to seek the services of an attorney.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. A sum in excess of $10,000 for general, compensatory and special damages for the plaintiff;
2. For legal pre—judgment interest at the interest rate allowable by law;
3. For punitive damages in excess of $10,000;
4. For reasonable attorney fees and costs of suit; and
5. For any such further relief this court deems just and proper.

DATED: May 27, 2022

By: _____
Jonathan D. Roven
Attorney for Plaintiff